UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN L. OAKLEY, individually and on behalf of all those similarly situated,

Plaintiff,

v.

DOMINO'S PIZZA LLC, a foreign limited liability company,

Defendant.

Case No. 20:2-cv-01711

**NOTICE OF REMOVAL**

28 U.S.C. § 1446

PLEASE TAKE NOTICE that, for reasons set forth below, Defendant Domino's Pizza LLC ("Defendant"), through its undersigned counsel, hereby removes the above-captioned matter from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§.

**PROCEDURAL BACKGROUND**

1. On or about September 30, 2020, Plaintiff Justin Oakley commenced this action against Defendant in the Superior Court of the State of Washington for King County, Case No. 20-2-14563-7 KNT. Defendant was served with the Complaint on October 23, 2020. A copy of all process, pleadings, papers, and orders filed in this action in the Superior Court of the State of



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Washington for King County are attached hereto as **Exhibit A**. There are no other defendants named in the Complaint.

2. Defendant is filing this Notice of Removal within thirty (30) days of its receipt of the initial pleadings setting forth the claims for relief upon which the action is based. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(d); *see also Edman v. Kindred Nursing Centers W. LLC*, C14-1280 MJP, 2014 WL 11072013, at *1 (W.D. Wash. Nov. 19, 2014) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005)).

3. In this action, Plaintiff seeks to represent a class of individuals similarly situated and recover damages for alleged violations of the Washington Minimum Wage Act ("MWA"), RCW 49.46 and the Wage Rebate Act ("WRA"), RCW 49.52. Compl., ¶ 1.1. Plaintiff seeks damages for unpaid wages, exemplary damages, attorneys' fees, and prejudgment interest. Compl., p. 4-5.

4. The Superior Court of the State of Washington for King County is located within the Western District of Washington. 28 U.S.C. § 128(b). Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

5. A true and complete copy of this Notice of Removal is being served on Plaintiff, through counsel, and a Notice of Filing of Notice of Removal is being filed with the clerk of the Superior Court of the State of Washington for King County. *See* 28 U.S.C. § 1446(d).

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and documents filed in the state court action are being filed concurrently with this notice. These documents consist of:

| Sub Number | Description |
|---|---|
| 1 | Commercial Complaint |
| 2 | Order Setting Case Schedule - Civil |
| 3 | Case Information Cover Sheet |
| 4 | Certificate of Service |
| 5 | Notice of Appearance |



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

7. Defendant has not taken any action to submit the merits of its defenses for a binding decision from the Superior Court of the State of Washington for King County, nor has it otherwise waived its right to remove this action.

8. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state and federal law, nor does Defendant concede that Plaintiff has stated any claim upon which relief may be granted.

**THIS COURT HAS DIVERSITY JURISDICTION**

9. This action is properly removable under 28 U.S.C. § 1441 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."

11. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A. Complete Diversity Exists Between Plaintiff and Defendant**

12. Plaintiff's Complaint establishes that he is a resident of Rochester, Washington, and was formerly employed by Defendant doing business out of its distribution center in Kent, Washington. *See* Compl., ¶ 3.1.

13. Defendant is not a citizen of the State of Washington. For removal purposes, the citizenship of a Limited Liability Company is based on the citizenship of all of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

14. Defendant Domino's Pizza LLC is a Michigan limited liability company having its principal place of business in Ann Arbor, Michigan. *See* Declaration of Andrew Ueeck In Support of Notice of Removal ("Ueeck Decl."), ¶ 2. Domino's, Inc. is the sole member of Domino's Pizza LLC. *Id*. at ¶ 3.

15. Domino's, Inc. is a Delaware Corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate headquarters in Ann Arbor, Michigan. *Id*. at ¶ 4.

16. Thus, there is complete diversity because Plaintiff is a citizen of Washington and Defendant is a citizen of Michigan and Delaware.

**B. The Amount in Controversy Exceeds $75,000**

17. If there is complete diversity between the parties and the plaintiff's claim satisfies the $75,000 threshold, the district court may exercise jurisdiction over the claims. *See* 28 U.S.C. § 1367(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014). Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate the amount placed in controversy by a plaintiff exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997).

18. Plaintiff's Complaint is silent as to the total amount of damages. However, a reasonable reading of Plaintiff's Complaint is sufficient to indicate that the sought-after relief exceeds the $75,000 threshold required under 28 U.S.C. section 1332(a).

19. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Defendant denies the validity and merits of the entirety of Plaintiffs' alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. However, for purposes of removal only, and without



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

conceding that Plaintiff is entitled to any damages or penalties whatsoever, it is readily apparent that Plaintiff's claims establish an amount in controversy well in excess of the jurisdictional minimum of $75,000.

20. To determine whether the minimum amount in controversy has been satisfied when no specific dollar amount has been prayed for, the Court must determine "if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than [$75,000]." *Kitchen v. First Student Inc.*, 2020 WL 6537527 at *1 (W.D. Wash. 2020) (citing Local Rules W.D. Wash LCR 101(a)). The Court must look at the damages that are claimed by the plaintiff and all other relief that that a court may grant, should the plaintiff be victorious. *See Barry v. Safeco Ins. Co. of Am.*, 2020 WL 813998, at *2 (W.D. Wash. Feb. 19, 2020) (stating that such relief includes plaintiff's actual damage, statutorily authorized treble damages, and attorneys' fees).

21. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87. If the plaintiff or the court questions a defendant's amount in controversy allegation, removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B); *see also Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22. "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Kitchen*, 2020 WL 6537527 at *2. *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

23. Economic damages, non-economic damages, general damages, attorneys' fees, punitive damages, and injunctive relief are all included in determining the amount in controversy.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

*See Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for actual and punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Barry*, 2020 WL 813998, at *2 (treble damages and attorneys' fees included in determining amount in controversy).

24. Plaintiff's Complaint alleges that Defendant failed to pay Plaintiff overtime or the reasonable equivalent of overtime for hours worked over forty in a workweek. Compl., ¶ 4.4. The Complaint is silent as to the amount of overtime that Plaintiff generally worked per week, but states that "Plaintiff and members of the putative class ***frequently*** worked greater than forty hours per week." Compl., ¶ 4.3. (Emphasis added).

25. Plaintiff seeks unpaid wages, exemplary damages in the amount equal to the unpaid wages, attorneys' fees and costs, and prejudgment interest. Compl., pp. 4-5.

26. Plaintiff was employed as a Class A Driver from November 13, 2018 through January 17, 2020. *See* Ueeck Decl. ¶ 6. During his employment with Defendant, Plaintiff worked approximately 62 weeks and was paid a total of $160,986.60. *Id*. Thus, based on a 40 hour per week workweek, Plaintiff earned approximately $64.91 per hour. Plaintiff's overtime rate would be approximately $97.37 ($64.91 x 1.5).

27. Although Plaintiff's Complaint is silent as to the exact number of overtime hours he is claiming, Plaintiff alleges that he "frequently" worked overtime. For removal purposes, district courts within the Ninth Circuit have relied on calculations of hour and wage claims that utilize assumed variables when a complaint does not provide a basis for a clear calculation. *See, e.g.*, *Gardner v. GC Servs., LP*, 2010 WL 2721271, *3 (S.D. Cal. 2010) (crediting defendant's overtime calculation based solely on evidence regarding the number of potential class members, and stating "[a]ccording to Defendant, if those employees, earning on average $14.50 per hour, worked 30 minutes of overtime per day over four years, the unpaid overtime owed on the overtime claim would exceed $3,000,000"); *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, *3



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

(N.D. Cal. Apr. 15, 2010) (crediting defendants' calculation of the amount in controversy based on an assumption that plaintiff worked "13 hours a day every day" given an allegation that "he 'regularly and/or consistently worked in excess of 12 hours per day' "); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148–49 (C.D. Cal. 2010) ("Plaintiff argues that Defendants cannot meet their burden of proof by assuming a 100% violation rate. However, courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation. . . ") (*citing Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D.Cal.2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.")).

28. Accordingly, assuming that Plaintiff worked approximately 5 hours of overtime per week, he would be owed approximately $486.85 (5 x $97.37) in overtime wages per week, or approximately **$30,184.70** (62 x $486.85) unpaid overtime for the 62 weeks that he worked for Defendant.

29. Plaintiff also seeks exemplary damages under RCW 49.52.070, which provides for exemplary double damages. Assuming that Plaintiff was owed approximately $30,184.70 in unpaid overtime, he would be able to recover that amount in exemplary damages, or approximately $**60,369.40.** *See Pierce v. Heath Consultants Incorporated*, C10-585Z (Jan. 12, 2011) (W.D. Wash. 2011) (denying the plaintiffs' motion to remand and including the plaintiff's asserted exemplary double damages prayer to determine that the defendant met the requirement $75,000 amount in controversy threshold).

30. Attorneys' fees may be included in determining the amount in controversy where recoverable by statute. *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 201-02 (1933); *Galt*, 142 F.3d at 1156. In the Ninth Circuit, future attorneys' fees through trial can be considered as well as attorneys' fees incurred through the filing of the Complaint. *Galt*, 142 F.3d at 1155. Because Plaintiff asserts claims under RCW 49.46.090, 49.48.030, and 49.52.070, which authorize an



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

award of reasonable attorneys' fees, Plaintiff's attorney fees are included in the computation of the $75,000 jurisdictional amount in controversy and will further increase the amount in controversy to a figure exceeding $90,000.

31. Attorneys' fees can be significant in minimum wage cases and often exceed the amount underlying the claims. *See* Declaration of Anthony Todaro ("Todaro Decl."), ¶ 2. Fees are not limited to those accrued at the time of removal. *See Roe v. Teletech Customer Care Mgmt. (CO), LLC*, No. C07-5149 RBL, 2007 WL 1655172, at *4 (W.D. Wash. June 6, 2007).

32. Based on Defendant's experience litigation similar labor and employment cases, Defendant estimates that Plaintiff's counsel will spend at least 100 hours litigating this case. Todaro Decl., ¶ 2. At a rate of $300 per hour, which is a reasonable amount in Seattle, Plaintiff will likely seek at least $30,000 in fees. *See e.g., Barabin v. AstenJohnson, Inc.*, 2017 WL 4129655, at *2 (W.D.Wash., 2017) (finding that the plaintiff's attorneys' rate of $325 per hour was reasonable for the Seattle legal community). Accordingly, $30,000 is an extremely conservative estimate of attorneys' fees in controversy for Plaintiff—and a fee request by his counsel would likely be significantly more if he were to prevail in this action.

33. Based on Plaintiff's Complaint, there is no question that the amount-in-controversy in this case exceeds $75,000:

| **Plaintiff's Claim** | **Amount in** |
|---|---|
| **Failure to Pay Overtime** | **$30,169.20** |
| **Exemplary Damages** | **$30,169.20** |
| **Attorney's Fees** | **$30,000.00** |
| **TOTAL** | **$90,338.40** |

34. Based on the foregoing analysis, diversity removal is proper. Specifically, estimated conservatively, Plaintiff's potential recovery on his claims for unpaid overtime, exemplary damages, and attorneys' fees undisputedly surpasses the $75,000 amount in controversy threshold.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

35. Accordingly, removal is appropriate and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the above-referenced action now pending in the Superior Court of the State of Washington for King County be removed therefrom in its entirety to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of the State of Washington for King County proceed no further unless and until the case is remanded.

Respectfully submitted this 19th day of November, 2020.

DLA PIPER LLP (US)

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*s/ Alexandria Cates*
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: anthony.todaro@us.dlapiper.com
E-mail: alexandria.cates@us.dlapiper.com

*Attorneys for Defendant*
*Domino's Pizza LLC*

**CERTIFICATE OF SERVICE**

I declare that on November 19, 2020, I caused a true and correct copy of the foregoing to be served on the following in the manner indicated:

| | |
|---|---|
| James B. Pizl, WSBA No. 28969<br>ENTENTE LAW PLLC<br>315 Thirty-Ninth Avenue SW, Suite 14<br>Puyallup, Washington 98373-3690<br>Tel: 253.446.7668<br>E-mail: jim@ententelaw.com<br><br>*Attorneys for Plaintiff Justin L. Oakley* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☒ Via E-mail<br>☒ Via the Court's CM/ECF System |
| Adam J. Berger, WSBA No. 20714<br>Lindsay L. Halm, WSBA No. 37141<br>Jamal N. Whitehead, WSBA No. 39818<br>SCHROETER GOLDMARK & BENDER<br>810 Third Avenue, Suite 500<br>Seattle, Washington 98104<br>Tel: 206.622.8000<br>E-mail: berger@sgb-law.com<br>E-mail: halm@sgb-law.com<br>E-mail: whitehead@sgb-law.com<br><br>*Attorneys for Plaintiff Justin L. Oakley* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☒ Via E-mail<br>☒ Via the Court's CM/ECF System |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 19th day of November, 2020.

*s/ Alicia Morales*
Alicia Morales, Legal Practice Specialist

EAST\177537795.1



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800