UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN L OAKLEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOMINO'S PIZZA LLC,<br><br>　　　　　　　Defendant. | CASE NO. C20-1711 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 11.) Having reviewed the Motion, the Response (Dkt. No. 18), the Reply (Dkt. No. 23), and all supporting materials, the Court GRANTS the Motion and REMANDS this action to the Superior Court of the State of Washington for King County.

**BACKGROUND**

Plaintiff Justin Oakley claims that Domino's Pizza LLC violated the Washington Minimum Wage Act ("MWA"), RCW 49.46, and the Wage Rebate Act ("WRA"), RCW 49.52, by failing to pay overtime or the equivalent thereof. (Notice of Removal ¶ 3 (Dkt. No. 1).) He

seeks to represent a class of similarly situated commercial delivery drivers who have worked for Domino's in Washington. Oakley worked for Domino's over 62 weeks (November 2018-January 2020) and was paid primarily on a piece rate basis, meaning he was paid based on the miles driven and weight of his load. Domino's handbook classified him as exempt from overtime pay and he was not paid overtime or the equivalent thereof. (Ex. 1 to the Pizl Decl. at 72 (Dkt. No. 12).) He challenges that classification and seeks unpaid overtime.

Domino's removed the case from King County Superior Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. The amount is controversy is not readily apparent in the complaint. Domino's notice of removal estimates that Oakley is seeking at least $30,184.70 in withheld wages, which, under RCW 49.52.070, would be doubled as exemplary damages to total $60,369.40. (Dkt. No. 1 ¶¶ 27-29.) Domino's also estimates that the attorney's fees would total at least $30,000, reflecting 100 hours of billable work at a $300/hour rate. (Dkt. No. 1 at ¶ 32.) In its opposition, Domino's now claims Oakley's counsel's hourly rate is $338, pushing the fees estimate to $33,800. (Def. Opp. at 6 (Dkt. No. 18).) Domino's opposition also suggests that Oakley's counsel would likely seek a lodestar multiplier, though it does not specify what the multiplier would be. (Id. at 6-7.)

Domino's calculation of the overtime is central to the motion to remand. Rather than review actual time records, Domino's determined Oakley's hourly rate for unpaid overtime by estimating Oakley's effective hourly rate. It did so by taking Oakley's total pay over 62 weeks and dividing it by 62 weeks and then by 40 hours. This yielded an hourly rate of $64.91/hour: ($160,986.60 ÷ 62 weeks = $2,596.56/week; $2,596.56 ÷ 40 hours = $64.91/hour). (Dkt. No. 1 at ¶ 26.) Domino's then determined that the hourly overtime rate would be 1.5 times the normal hourly rate totaling $97.37/hour: ($64.91/hour * 1.5 = $97.37/hour). (Dkt. No. 1 at ¶ 26.) And

then Domino's interpreted Oakley's allegation that he "frequently" worked more than 40 hours to mean 5 hours per week. (Dkt. No. 1 at ¶¶ 27-28.) This produced a total amount of overtime of $30,184.70: ($97.37/hour * 62 weeks * 5 days = $30,184.70). (Dkt. No. 1 at ¶ 28.) Exemplary damages then double this figure, bringing the total amount available under the WRA to $60,369.40, according to Domino's. (Dkt. No. 1 ¶ 29.)

## ANALYSIS

### A. Legal Standard

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) The Court is to consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." Id. (citation omitted). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Where doubt regarding the right to removal exists, a case should be remanded to state court." Id. at 1090. There is a "strong presumption" against removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### B. Amount in Controversy

Oakley argues that Domino's has miscalculated and overstated the amount of his overtime pay. He also challenges the Domino's calculation of attorneys' fees at issue. No matter how the Court slices it, Domino's has failed to allege a sufficient amount in controversy.

#### 1. Overtime Wages Calculation

The Court agrees with Oakley that Domino's miscalculates Oakley's hourly rate and the overtime amount he is seeking in this case.

First, Domino's miscalculates Oakley's hourly rate by failing to account for the overtime hours it assumes he worked. Domino's uses a 40-hour work week to determine how much Oakley made per hour. But this excludes the 5 hours of additional work each week that Domino's assumes Oakley worked. This artificially inflates Oakley's hourly rate. Using a 45-hour work week, not a 40-hour week, Oakley's hour rate is $57.70, not $64.91: ($160,986.60 ÷ 62 weeks = $2,596.56/week; $2,596.56 ÷ 45 hours = $57.70/hour).

Second, Domino's overstates the amount Oakley is owed for overtime by improperly multiplying the hourly rate by 1.5, not .5. The Washington Department of Labor & Industries' Administrative Policy ES.A.8.2 sets forth the applicable method for calculating overtime owed to piece rate workers like Oakley: "an additional 1/2 times [the] regular rate for each hour worked over 40, besides the full piece rate earnings." (Ex. A to Todaro Decl. Administrative Policy ES.A.8.2 at 5 (Dkt. No. 21).) Domino's cites no relevant contrary authority, instead citing two cases applying California law that applied 1.5 multiplier to hourly-paid workers, not piece rate workers such as Oakley. See Molina v. Pacer Cartage, Inc., 47 F. Supp. 3d 1061, 1064 (S.D. Cal. 2014); Garcia v. Praxair, Inc., No. 3:18-CV-03887-WHO, 2018 WL 4471151, at *1 (N.D. Cal. Sept. 18, 2018). Neither case is relevant. Applying Washington law, the Court calculates the unpaid overtime amount to be $28.85 per hour: ($57.70/hour ÷ 2 = $28.85/hour). Using a rate of 1.5 would overcompensate Oakley, because it would double-count the base hourly pay within each hour of overtime. All that Oakley seeks in this case is the $28.85/hour overtime because he was already effectively paid the $57.70/hour rate for the same hours that count as overtime.

With these corrections made, the Court calculates the damages Oakley seeks as $8,943.50, assuming 5 hours of overtime per week over 62 weeks: ($28.85/hour * 5 hours/week * 62 weeks = $8,943.50). This applies Domino's "conservative" position that Oakley worked 5

hours of overtime a week. Applying exemplary damages under the WRA, Oakley's damages for unpaid overtime is $17,887 in total.

Domino's opposition presents a new theory that Oakley likely worked 16 hours of overtime a week based on assumptions about typical routes and the time he might have spent on the clock. (Def. Opp. at 4-5.) But Domino's declarant admits that Domino's has not obtained all of Oakley's time records to determine how much time Oakley actually worked each week. (Ruelas Decl. ¶ 4 (Dkt. No. 19).) The estimate of hours appears to be largely guesswork. The Court does not find it appropriate to indulge in such speculation, particularly since Domino's could have based its removal on actual time records. See Matheson, 319 F.3d at 1090-91.

### 2. Attorneys' Fees

Domino's claims that Oakley's counsel will incur at least $33,800 in fees litigating this case. It bases this on Oakley's counsel's hourly rate of $338/hour and Domino's "reasonable assumption" that it will take at least 100 hours to litigate this case. Oakley's counsel states that he typically spends only 20 to 40 hours to resolve individual employment disputes. (Pizl Decl. ¶ 2 (Dkt. No. 12).) He also claims to have litigated a similar case against Domino's and spent only 17.9 hours. (Id. ¶ 3.) But as Domino's points out, that matter was arbitrated, and likely not a relevant benchmark for a case litigated with full discovery in federal court. For purposes of deciding this motion, the Court finds Domino's estimate of the number of hours to be reasonable.

Though the notice of removal was silent on this issue, Domino's also suggests that a lodestar multiplier will likely be requested by counsel. (See Def. Opp. at 7-8.) But Domino's offers no specific argument as to what the multiplier might be. It cites to one case adopting a 1.5 multiplier. (See Opp. at 8 (citing Hill v. Garda CL Nw., Inc., 198 Wn. App. 326, 368 (2017) (approving 1.5 lodestar multiplier for award of attorneys' fees), rev'd on other grounds, 191

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5

Wn.2d 553 (2018).) Application of a lodestar multiplier is highly speculative at this point in the litigation, and, as Oakley notes, lodestar multipliers are not necessarily common. (Pl. Reply at 5.) Domino's itself does not suggest what the proper multiplier might be or what the applicable range is. For purposes of its jurisdictional analysis, the Court does not consider or apply a lodestar multiplier.

### 3. Total Amount in Controversy

The Court's analysis reveals an amount in controversy far below the jurisdictional minimum of $75,000. As explained above, the Court finds the total amount in controversy to be only $51,687 ($17,887 in damages and $33,800 in fees). Even if the Court were to apply the lodestar multiplier of 1.5 that Domino's hints at, the total would be only $68,587—below the jurisdictional requirement. The Court therefore finds that removal was improper and that it lacks jurisdiction. The Court GRANTS Oakley's Motion to Remand.

### CONCLUSION

Domino's failed to demonstrate sufficient evidence that the amount in controversy in this matter exceeds $75,000. Removal under 28 U.S.C. § 1332 was improper. The Court GRANTS Oakley's Motion to Remand and REMANDS this action to King County Superior Court. Because the Court does not have jurisdiction, it will not rule on Domino's pending Motion to Compel Arbitration.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 11, 2021.

Marsha J. Pechman
United States District Judge